1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                      SOUTHERN DISTRICT OF CALIFORNIA
10
11  NELSON R. ACOSTA,              )  Case No. 06-CV-1527-WQH (JMA)
                                   )
12                  Petitioner,    )  **REPORT AND RECOMMENDATION**
                                   )  **REGARDING PETITIONER'S "MOTION**
13  v.                             )  **FOR DISTRICT COURT TO HOLD**
                                   )  **DIRECT APPEAL IN ABEYANCE**
14  G.J. GIURBINO (Warden),        )  **WHILE UNEXHAUSTED CLAIMS ARE**
                                   )  **LITIGATED IN STATE COURT"**
15                  Respondent.    )
                                   )
16  ─────────────────────────────  )
17
18
19       On August 25, 2004, a jury convicted Petitioner of first-
20  degree robbery (Cal. Penal Code §§ 211 & 212.5) with personal use
21  of a firearm (§§ 12022.5(a) & 12022.53(b)), residential burglary
22  (§§ 459 & 460) with personal use of a firearm (§§ 12022.5(a)),
23  two counts of assault with a firearm (§ 245(a)(2)) with personal
24  use of a firearm (§ 12022.5(a)), false imprisonment (§§ 236 & 237
25  (a)), making a criminal threat (§ 422), drawing or exhibiting a
26  firearm (§ 417(a)(2)), dissuading a witness by force or threat
27  (§ 136.1(c)(1)) with personal use of a firearm (§ 12022.5(a)),
28  and receiving stolen property (§ 496(a)).  (California Superior

1  Court Order Denying Petition for Writ of Habeas Corpus, Case No.
2  HC18612/SCD 181033, lodged by Respondent as Lodgment 4 in support
3  of Opp'n to Petitioner's Motion ("Lod 4") at 1.)  On September
4  22, 2004, the court sentenced Petitioner to the middle term of
5  four years for robbery plus ten (10) years for the attendant
6  weapon enhancement (§ 12022.53), a consecutive one year (one-
7  third the middle term) for each of the two assaults, a
8  consecutive one year, four months (one-third the middle term) for
9  each of the weapon enhancements attached to the assaults, and a
10 consecutive eight months (one-third the middle term) for
11 receiving stolen property, for a total term of 19 years, four
12 months in state prison.  (Id. at 1-2; First Amended Petition
13 ("FAP") [Doc No. 5] at 1-2.)

14      Petitioner appealed his conviction and sentence, raising two
15 claims.  (FAP at 2.)  The California Court of Appeal, Fourth
16 District, Division One, affirmed the San Diego County Superior
17 Court's judgment on August 26, 2005 in Case No. DO45126, and the
18 California Supreme Court denied Petitioner's Petition for Review
19 on November 2, 2005.  (FAP at 2; Printout of Case Summary
20 regarding Petition for Review filed in the California Supreme
21 Court, Case No. S137639, lodged by Respondent in support of Opp'n
22 to the Motion ("Lod 3").)

23      On October 12, 2006, Petitioner filed nunc pro tunc a First
24 Amended Petition in this Court, alleging two claims: (1) that the
25 trial court violated the U.S. Constitution in imposing a
26 consecutive sentence for the assault charge, and (2) that the
27 evidence at trial was constitutionally insufficient to support a
28 finding that Petitioner received stolen goods.  (FAP at 6-7.)  On

1   May 25, 2007, Petitioner filed a "Motion for District Court to
2   Hold Direct Appeal in Abeyance While Unexhausted Claims are
3   Litigated in State Court" ("the Motion").  [Doc. No. 6.]  On May
4   29, 2007, the Court filed an Order Requiring Response to the
5   Motion [Doc. No. 7] and, on June 20, 2007, Respondent filed an
6   opposition to the Motion.  [Doc. No. 9.]  Petitioner was ordered
7   to file a reply to Respondent's opposition not later than August
8   31, 2007, but did not do so.

9       Petitioner seeks an order staying the proceedings in this
10  Court while he exhausts state remedies as to the following
11  additional claims not presented in the First Amended Petition:
12  (1) ineffective assistance of counsel (based on five (5) separate
13  grounds); (2) violation of 4th Amendment protections in obtaining
14  evidence used to convict him; and (3) prosecutorial misconduct
15  (based on three (3) separate grounds).  (Motion at 1.)  For the
16  reasons outlined below, the Court recommends that the Motion be
17  DENIED for failure to show good cause.

18      Under Rhines v. Weber, 544 U.S. 269 (2005), a district court
19  has discretion to grant a stay and abeyance of a mixed petition
20  if: (1) "the petitioner had good cause for his failure to
21  exhaust"; (2) "his unexhausted claims are potentially
22  meritorious"; and (3) "there is no indication that the petitioner
23  engaged in intentionally dilatory litigation tactics."  Rhines,
24  544 U.S. at 278.

25      The Supreme Court made clear in Rhines that because staying
26  a federal habeas petition frustrates AEDPA's objective of
27  encouraging finality by allowing a petitioner to delay the
28  resolution of federal proceedings and undermines AEDPA's goal of

3

1  streamlining federal habeas proceedings by decreasing a
2  petitioner's incentive to first exhaust all his claims in state
3  court, "stay and abeyance should be available only in limited
4  circumstances."  Rhines, 544 U.S. at 277.  As a threshold matter,
5  "[b]ecause granting a stay effectively excuses a petitioner's
6  failure to present his claims first to the state courts, stay and
7  abeyance is only appropriate when the district court determines
8  there was good cause for the petitioner's failure to exhaust his
9  claims first in state court."  Id.

10     Petitioner has not even attempted to show good cause for his
11  failure to exhaust the additional claims in state court prior to
12  filing his First Amended Petition in this Court.[1]  In the Motion,
13  Petitioner makes the conclusory statement that "after the
14  appellate counsel's relief from representation and Petitioner
15  received the trial transcripts, Petitioner commenced a thorough
16  research to support these new claims that are presently being
17  exhausted."  (Motion at 2.)  This is the extent of Petitioner's
18  statement of good cause for granting a stay, and it is
19  insufficient.
20  //
21  //
22  //
23  _____

24  [1] The magistrate judge notes that Respondent correctly points out
    that Petitioner did not even raise the three unexhausted claims in the
    First Amended Petition.  Thus, the First Amended Petition is not
25  technically a "mixed petition," and Rhines contemplates a petition
    that includes both the exhausted and unexhausted claims.  Rhines, 544
26  U.S. at 278.  However, because Petitioner actually submitted the
    Motion (containing the proposed additional claims to be exhausted
27  during a stay) at the same time that he submitted the First Amended
    Petition, the magistrate judge considers the First Amended Petition
28  and the Motion together for purposes of an analysis under Rhines.
    (See Doc. No. 4.)

In addition, Petitioner makes no showing at all with regard to the second and third <u>Rhines</u> factors (whether the claims are potentially meritorious and whether he engaged in unreasonable delay in bringing the claims).  Even after Respondent opposed the Motion, and set out in clear terms the standard that must be met under <u>Rhines</u>, Petitioner failed to file a reply and even attempt to satisfy the legal standard.  Moreover, the three newly-asserted claims (that Petitioner's trial counsel was ineffective, that evidence used against him was obtained unconstitutionally, and the prosecutor committed misconduct) relate directly to matters that occurred during the trial, which means that Petitioner was or should have been aware of them at the time he chose to initiate collateral review.  Petitioner's unsupported statement is wholly insufficient to support staying this federal action.

Because Petitioner has not fulfilled the requirements of <u>Rhines</u>, the Court recommends that the Motion be **DENIED**.

This Report and Recommendation is submitted to the Honorable William Q. Hayes, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **October 19, 2007** any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed no later than **October 29, 2007**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of

06cv1527-WQH (JMA)

1   the Court's order.   <u>See</u> <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th

2   Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3        **IT IS SO ORDERED**.

4   DATED:   September 21, 2007

5                                        Jan M. Adler
6                                        U.S. Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28